**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2276-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAREEF K. MAYFIELD, a/k/a
SHAREEF BARBOSA, SHARIF
EDGE, SHARIF K. MATFIELD
and SHARIF MAYFIELD,

     Defendant-Appellant.

_____

Submitted January 31, 2019 – Decided  February 25, 2019

Before Judges Simonelli and O'Connor.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 12-05-0425.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Frank L.

Valdinoto, Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the November 28, 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

I

In March 2014, a jury convicted defendant of second-degree eluding a law enforcement officer, N.J.S.A. 2C:29-2(b); third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1); and fourth-degree obstruction of the administration of law, N.J.S.A. 2C:29-1. The trial court sentenced defendant to an extended eighteen-year term of imprisonment, with a 160-month period of parole ineligibility.

Defendant appealed and we affirmed his conviction and the eighteen-year term of imprisonment. However, because the maximum term of parole ineligibility in this matter is fifty percent of the term, or 108 months, we remanded and instructed the trial court to determine the correct period of parole ineligibility and to amend the judgment of conviction. State v. Mayfield, No. A-5554-13 (App. Div. Oct. 18, 2016). On remand, the trial court amended the judgment of conviction to reflect a ninety-six month period

of parole ineligibility. On January 17, 2017, the Supreme Court denied certification. State v. Mayfield, 228 N.J. 480 (2017).

The facts underlying defendant's conviction are set forth in our opinion on defendant's direct appeal. We set forth only those facts pertinent to the issues on the appeal of the order denying defendant PCR. On January 8, 2012, a police officer of the Hillside Police Department was seated in a patrol car when he saw a Chrysler Sebring run a stop sign. The officer pulled over the Sebring and observed a male, later identified as defendant, seated in the driver's seat and an adult female seated in the front passenger seat. The officer observed no other passengers. While the officer was standing next to the driver's side door, defendant suddenly sped off.

The officer and back-up officers in another patrol car pursued the Sebring but, because of defendant's excessive speed, the police abandoned their chase out of a concern for safety. Meanwhile, defendant drove into adjoining Union Township. Police officers of the Union Township Police Department observed defendant exit the Sebring and run off. Pursuing him on foot, the officers ultimately apprehended and arrested defendant.

During the course of conducting a search incident to that arrest, the police found eight folds of heroin in defendant's pocket. The police located

the passenger in the Sebring, later identified as Kheyona Brogdon. She was arrested and subsequently charged with fourth-degree obstruction of the administration of law, N.J.S.A. 2C:29-1.

During a pre-trial hearing[1] pertaining to the charges against her, Brogdon testified defendant was driving the Sebring at the time of the stop and ensuing car chase. The charges against Brogdon were thereafter dismissed. However, during defendant's trial Brogdon testified the car was not driven by defendant but by a man she had met in a bar earlier that night, and defendant was a passenger in the back seat when the car was pulled over by the police.

After his arrest on January 18, 2012, defendant was released on January 20, 2012. He was thereafter detained from April 11, 2012 to March 12, 2013, and then again from June 13, 2013 to June 17, 2013, when he was released on his own recognizance. He was not detained again until the day he was convicted by jury, on March 13, 2014.

On June 24, 2013, defendant signed a pretrial memorandum, see Rule 3:9-1(f), and the trial was scheduled for July 15, 2013. For reasons not disclosed in the record, the court found it necessary to adjourn the trial to

---

[1] The nature of the hearing at which Brogdon testified was not identified in the record.

A-2276-17T2

August 7, 2013, then to September 23, 2013, and finally to October 15, 2013. Just days later, on October 21, 2013, defense counsel informed the court she had discovered she could not represent defendant because of a conflict of interest and withdrew as counsel.

On November 12, 2013, defendant was assigned new counsel and the trial date was scheduled for December 9, 2013. For reasons not revealed in the record, the trial was re-scheduled to February 24, 2014. Following a hearing held a week later on the admissibility of certain police audio transmissions, trial commenced on March 11, 2014 and concluded two days later. Defendant was sentenced on April 11, 2014.

On May 22, 2017, defendant filed a petition for PCR. In a certification submitted in support of his petition, defendant asserted that: (1) he was not the driver of the Sebring at the time of the motor vehicle stop; (2) counsel ignored his request to obtain a copy of the police's dashcam video recording of the motor vehicle stop, which defendant claimed would prove he was not the driver of the Sebring; (3) the driver of the Sebring obeyed the stop sign, which deprived the police of a basis to conduct a motor vehicle stop; (4) he instructed counsel "to work [his] case out as soon as possible"; and (5) counsel advised

him to sign the pretrial memorandum and proceed to trial, when she should have recommended he plead guilty.

Defendant's specific claims of ineffective assistance of counsel were counsel failed to: (1) obtain copies of the dashboard camera video recording of the motor vehicle stop and the police officers' pursuit of the Sebring, because such videos would have revealed he was not the driver; (2) file a motion to suppress the heroin found in his possession at the time of his arrest on the ground the motor vehicle stop was illegal; (3) enforce defendant's right to a speedy trial; and (4) advise him to plead guilty.

The PCR court denied defendant the relief he sought in his petition, and did so without an evidentiary hearing. In a written opinion, the PCR court concluded the following. As for the contention counsel failed to obtain a copy of the dashcam video recordings, the court found both defense attorneys sought such recordings but discovered the Hillside Police Department did not equip its patrol cars with video recorders at that time. Counsel also learned the Union Township Police Department had such equipment in its police vehicles, but the officers who pursued the Sebring failed to activate the overhead lights on their police vehicles. The dashcam video records only when the overhead lights are on.

The PCR court further noted that, during the cross-examination of some of the police officers at trial and in his summation, defense counsel attempted to use to defendant's advantage the fact the Hillside Township Police Department did not equip its police patrol cars with dashcam video recorders and that the Union Township police officers failed to activate the overhead lights on their patrol cars when they pursued the Sebring. Counsel insinuated the absence of such equipment or the failure to record the subject events concealed the fact defendant was not the driver.

The PCR court found no merit to the claim both counsel were ineffective for failing to file a motion to suppress the heroin found in defendant's possession at the time of his arrest. The PCR court reasoned that, because an officer observed the driver of the Sebring ignore the stop sign, the officer had a reasonable and articulable suspicion a traffic offense had been committed, which provided him the authority to conduct a motor vehicle stop. Therefore, the court concluded, defendant would not have prevailed had a suppression motion been filed and, thus, counsel cannot be shown to have been ineffective.

On the issue counsel failed to enforce defendant's rights to a speedy trial, the court considered the four factors in Barker v. Wingo, 407 U.S. 514 (1972), and determined defendant's claim was unfounded. The four factors in Barker

7

are: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. Id. at 530.

The PCR court noted two years and two months elapsed from the time of defendant's arrest to the time of trial, but attributed the principal cause of the delay to defendant's need to obtain new counsel. As for defendant's assertion of his right to a speedy trial, the court acknowledged defendant certified he told counsel he wanted his case resolved as soon as possible. However, the court did not interpret such request to mean defendant necessarily wanted to proceed to trial.

As for any prejudice defendant may have experienced as a result of the delay, the court noted Barker identifies three types of prejudice when there is a delay: (1) oppressive pretrial incarceration; (2) the accused's anxiety and concern; and (3) the possibility the defense will be impaired. Id. at 532. The PCR court observed defendant did not specify how the delay impaired his defense. The court did not address the other two types of prejudice.

Finally, the court rejected defendant's claim he wanted to accept the plea offer, but counsel advised he reject the offer and proceed to trial. As the PCR court pointed out, in his certification, defendant stated he did not accept the

A-2276-17T2

plea offer because he was not guilty. The court observed defendant could not have accepted the plea offer if he believed he were innocent.

II

On appeal, defendant essentially reprises the arguments he asserted before the PCR court. We affirm the PCR court's determinations substantially for the reasons set forth in its written opinion; however, in a few limited respects the court did not address some of the arguments defendant raised. In the interest of judicial economy, we dispose of these arguments. See State v. Carrion-Collazo, 221 N.J. Super. 103, 113 (App. Div. 1987). Our resolution of these arguments do not conflict with or disturb the PCR court's ultimate decision to deny defendant post-conviction relief.

To establish an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 52 (quoting Strickland, 466 U.S. at 687).

> To satisfy prong one, [a defendant] ha[s] to "overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." "[I]f

9

counsel makes a thorough investigation of the law and facts and considers all likely options, counsel's trial strategy is 'virtually unchallengeable.'" Mere dissatisfaction with a counsel's exercise of judgment is insufficient to warrant overturning a conviction.

[State v. Nash, 212 N.J. 518, 542 (2013) (third alteration in original) (citations omitted).]

Second, a defendant must prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694). "If [a] defendant establishes one prong of the Strickland-Fritz standard, but not the other, his claim will be unsuccessful." State v. Parker, 212 N.J. 269, 280 (2012).

Here, the PCR court rejected defendant's argument he would have prevailed on a motion to suppress the heroin. The court reasoned the police saw the Sebring drive through a stop sign, which justified the motor vehicle stop. On appeal, defendant points out the court did not consider his argument that he had submitted a certification stating he told his attorney the driver did not go through the stop sign; therefore, had a suppression motion been filed,

his testimony may have been credited by the trial court at the suppression hearing.

We note defendant does not address the fact that, before trial, Brogdon maintained defendant was the driver of the car, contradicting his version of the facts. Whether she would have also testified the driver of the Sebring stopped at the stop sign is not known, but the fact that, before trial, she was claiming defendant was the driver of the Sebring clearly would have in and of itself affected defendant's credibility.

As our Supreme Court noted in State v. Fisher, 156 N.J. 494 (1998):

> In certain contexts, such as the "[a]ctual or constructive denial of the assistance of counsel altogether," prejudice is presumed. Failure to file a suppression motion, however, is not one of those circumstances. . . . [W]hen counsel fails to file a suppression motion, the defendant not only must satisfy both parts of the Strickland test but also must prove that his Fourth Amendment claim is meritorious.
>
> [Id. at 500-01 (first alteration in original) (citations omitted).]

Given the evidence as it existed before trial, defendant cannot show under both parts of the Strickland test counsel was ineffective for failing to file a suppression motion. In addition, the success of defendant's claim the driver obeyed the stop sign would have hinged upon his credibility, which would

11

have been seriously undermined by Brogdon's testimony. Therefore, defendant cannot demonstrate his Fourth Amendment claim was meritorious.

On the question of whether defendant obtained a speedy trial, on appeal defendant again argues the two year and two month delay was substantial, which caused him to suffer oppressive pretrial incarceration and anxiety. He also maintains he did not contribute to the delay.

We note defendant was in custody for approximately eleven of the twenty-six months that elapsed from the day of his arrest to the day the trial commenced. The first trial date was scheduled for July 15, 2013, but was adjourned three times and ultimately scheduled for October 15, 2013. Defendant does not address why the trial was not scheduled before July 2013 or why the trial was adjourned three times.

There is no question the trial was then adjourned from October 15, 2013 to December 9, 2013 to accommodate defendant because he needed to obtain new counsel. The trial was re-scheduled to February 24, 2014; defendant does not address the reason for the latter adjournment. The trial started approximately two weeks later and, in the interim, the court conducted a pretrial hearing. We are not persuaded defendant would have succeeded on a speedy trial motion under Barker. Defendant does not establish or even

address whether the delays apart from those caused by his need to obtain new counsel were unjustified.

In summary, we are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION